IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHERMAN GILES and SHARON HALL, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: |
| v. | ) ) | |
| JAVELIN LEARNING SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

### I.  NATURE OF THE CLAIMS

PLAINTIFFS SHERMAN GILES and SHARON HALL ("PLAINTIFFS") assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for unpaid overtime compensation, liquidated damages, prejudgment and postjudgment interest, reasonable expenses of litigation and attorney's fees, on the grounds set forth below.

### II. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).

1

2. This Court has venue for all causes of action stated herein pursuant to 28 U.S.C § 1391(b)(2) as the acts alleged as a basis for the claims at issue took place within this Court's jurisdictional boundaries.

### III. PARTIES

3. PLAINTIFF GILES is United States citizen who resides in Mableton, Cobb County, Georgia.

4. PLAINTIFF HALL is United States citizen who resides in Marietta, Cobb County, Georgia.

5. DEFENDANT JAVELIN LEARNING SYSTEMS, INC. ("DEFENDANT") is a corporation doing business within this judicial district and is subject to the jurisdiction of this Court.

6. PLAINTIFFS are former employees of DEFENDANT who were denied proper overtime compensation during the relevant period of their employment.

7. DEFENDANT operates schools in various states around the country, including Georgia, that provide vocational training in medical-related and computer-related fields to students who enroll in its programs.

8. PLAINTIFF GILES was employed by DEFENDANT as an Admissions Representative from on or about February 2010 to on or about May 2011 at DEFENDANT'S Marietta, Georgia location.

9. PLAINTIFF HALL was employed by DEFENDANT as an Admissions Representative from on or about April 2010 to on or about April 2013 at DEFENDANT'S Marietta, Georgia location.

10. DEFENDANT employed each PLAINTIFF as an employee and therefore DEFENDANT is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and is not exempt under the Act. DEFENDANT controlled the number of individuals who could be hired into the positions that PLAINTIFFS held, and had the authority to determine whether PLAINTIFFS could be disciplined or retained. DEFENDANT hired each PLAINTIFF, and either terminated or had the authority to terminate each PLAINTIFF. DEFENDANT supervised each PLAINTIFF, determined the job duties and work schedule of each PLAINTIFF, and created, implemented and maintained the employment policies to which each PLAINTIFF was required to follow. DEFENDANT determined and paid the compensation of each PLAINTIFF. DEFENDANT provided the equipment required by PLAINTIFFS to perform their job, and provided the premises in which PLAINTIFFS performed their job.

11. Throughout each PLAINTIFF'S employment, DEFENDANT had employees engaged in commerce within the meaning of the FLSA. These employees participated in the movement of persons or things in interstate

commerce by regularly using the instrumentalities of interstate commerce in their work, such as the telephone, internet, and U.S. Mail, for interstate communication including, but not limited to: (i) creating, providing, and maintaining a company internet website that allowed prospective students from around the country to collect information about DEFENDANT'S school locations and curricula and to initiate contact with DEFENDANT; (ii) contacting individuals in various states around the country who indicated an interest in attending DEFENDANT'S various school location as students, and subsequently convincing and assisting such individuals to attend; (iii) providing information to prospective students in various states around the country by sending them school brochures and financial aid information and other school information, as well as receiving information and other communications from such prospective students; (iv) sending and receiving money and funds from banks, lending institutions and individuals, such as student loans and fees, relating to individuals attending DEFENDANT'S various school locations; (v) sending and receiving money and funds constituting revenues from various DEFENDANT school locations; and (vi) soliciting, sending, receiving and paying for materials and services required by DEFENDANT in order to conduct its business.

12. Throughout each PLAINTIFF'S employment, DEFENDANT'S annual gross volume of sales made was more than $500,000.

13. Throughout each PLAINTIFF'S employment, DEFENDANT was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1) because throughout each PLAINTIFF'S employment DEFENDANT had employees engaged in commerce and had an annual gross volume of sales made that was more than $500,000.

14. Throughout each PLAINTIFFS' employment, they were employed by an enterprise engaged in commerce within the meaning of the FLSA and therefore PLAINTIFFS are expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

15. Throughout each PLAINTIFFS' employment, they were engaged in commerce within the meaning of the FLSA and therefore PLAINTIFFS are expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a). PLAINTIFFS participated in the movement of persons or things in interstate commerce by regularly using the instrumentalities of interstate commerce in their work, such as the telephone, internet, and U.S. Mail, for interstate communication including, but not limited to: contacting individuals in states outside Georgia who indicated an interest in attending DEFENDANT'S school location in Marietta, Georgia location as students, answering their

questions, and subsequently convincing and assisting such students to attend; and providing information to prospective students in various states around the country in response to such individuals' requests by sending them school brochures and other school information about DEFENDANT'S Marietta, Georgia school location, and by receiving information from such individuals.

## IV.  FACTUAL ALLEGATIONS

16. Throughout PLAINTIFFS' employment, they were employed by DEFENDANT as Admissions Representatives the primary duties of which involved responding to telephone and internet inquiries from prospective students, scheduling admissions appointments, and providing information in response to questions.

17. Throughout PLAINTIFFS' employment, they were paid at an hourly rate.

18. Throughout PLAINTIFFS' employment, if DEFENDANT determined that an Admissions Representative worked ***less than*** 40 hours in a particular workweek, DEFENDANT'S policy, practice and procedure was to pay that employee his or her weekly compensation based on the number of hours DEFENDANT determined that such employee worked in that particular week multiplied by the employee's hourly rate of compensation.

standard

19.     Throughout PLAINTIFFS' employment, they were classified as non-exempt employees for purposes of the FLSA.

20.     Throughout PLAINTIFFS' employment, their primary duties conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

21.     Throughout PLAINTIFFS' employment, their primary duties did not involve professional, administrative or managerial duties.

22.     Throughout PLAINTIFFS' employment, they worked over forty (40) hours per week.

23.     Throughout PLAINTIFFS' employment, DEFENDANT was aware of the extra hours PLAINTIFFS worked each week in excess of 40 hours: DEFENDANT and DEFENDANT'S managers observed PLAINTIFFS working each week in excess of 40 hours; and PLAINTIFFS informed DEFENDANT and DEFENDANT'S managers that PLAINTIFFS worked each week in excess of 40 hours

24.     Throughout PLAINTIFFS' employment, DEFENDANT did not pay PLAINTIFFS overtime compensation for all the work PLAINTIFFS performed in excess of 40 hours in a workweek at the rate of one and one-half times PLAINTIFFS' regular hourly rate.

25. PLAINTIFFS submitted time records to DEFENDANT of the actual hours they worked in a workweek, but those time records were adjusted by DEFENDANT to falsely reflect a lower amount of hours than PLAINTIFFS actually worked each workweek.

26. DEFENDANT adjusted PLAINTIFFS' time records to falsely reflect a later clock-in time for PLAINTIFFS even though DEFENDANT and DEFENDANT'S managers were aware that PLAINTIFFS' initial clock-in time was accurate.

27. DEFENDANT adjusted PLAINTIFFS' time records to falsely reflect an earlier clock-out time for PLAINTIFFS even though DEFENDANT and DEFENDANT'S managers were aware that PLAINTIFFS' initial clock-out time was accurate.

28. DEFENDANT deducted time for lunch from PLAINTIFFS' time records even though DEFENDANT and DEFENDANT'S managers were aware that PLAINTIFFS worked through lunch on those occasions.

29. DEFENDANT directed PLAINTIFFS to clock out from DEFENDANT'S time system even though PLAINTIFFS continued to perform work for DEFENDANT of which DEFENDANT and DEFENDANT'S managers were aware.

30.   There were occasions when PLAINTIFFS received overtime compensation; however, the overtime paid on those occasions was far less than the amount that should have been paid to PLAINTIFFS.

31.   There were occasions when DEFENDANT paid other Admissions Representatives overtime compensation; however, the overtime paid on those occasions was far less than the amount that should have been paid to such Admissions Representatives.

32.   On numerous occasions during PLAINTIFFS' employment, PLAINTIFFS and other Admissions Representatives complained to DEFENDANT that they were not being paid proper overtime compensation for all the work they performed in excess of 40 hours in a workweek at the rate of one and one-half times their regular hourly rate.  However, despite the complaints by PLAINTIFFS' and other Admissions Representatives to DEFENDANT about this improper practice, DEFENDANT refused to correct the improper practice, and the improper practice continued with respect to PLAINTIFFS and other Admissions Representatives.

33.   Throughout PLAINTIFFS' employment, there is no evidence that the conduct of DEFENDANT that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

34. Throughout PLAINTIFFS' employment, DEFENDANT knowingly, intentionally and willfully violated the FLSA by failing to pay PLAINTIFFS the overtime compensation and other compensation to which they were entitled.

35. In or about 2011, DEFENDANT became affiliated with a company called MEDTECH.

## VI.  CLAIM

### *Count 1 – 29 U.S.C. § 207*
**(Overtime Compensation Due Under the FLSA)**

36. PLAINTIFFS re-allege paragraphs 1-35 above and incorporate them by reference as if fully set forth herein.

37. By engaging in the above-described conduct, DEFENDANT JAVELIN LEARNING SYSTEMS, INC. violated the FLSA with respect to PLAINTIFFS.

38. By engaging in the above-described conduct, DEFENDANT JAVELIN LEARNING SYSTEMS, INC. knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFFS.

39. Throughout the relevant period of this lawsuit, there is no evidence that the conduct of DEFENDANT JAVELIN LEARNING

SYSTEMS, INC. that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

40.     As a direct and proximate result of the above-described conduct, PLAINTIFFS have lost wages.

41.     Said violations give rise to claims for relief under the FLSA for PLAINTIFFS for past due overtime compensation for at least three years prior to the filing of this Complaint, prejudgment and postjudgment interest, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 201 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS respectfully pray that this Court enter judgment in favor of PLAINTIFFS and against DEFENDANT for:

1.  Lost compensation including applicable overtime compensation calculated at one and one-half times the proper regular rate that PLAINTIFFS would have received but for DEFENDANT'S unlawful conduct;

2.  Liquidated damages as provided for under the FLSA;

4.  Reasonable attorney's fees and costs and expenses of suit arising from DEFENDANT'S violations under the FLSA through entry of judgment;

5.  Prejudgment and postjudgment interest on all amounts awarded pursuant to the FLSA, including lost compensation, liquidated damages, and attorney's fees and costs and expenses of suit;

6.  A declaration that DEFENDANT has engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFFS, as authorized by 28 U.S.C. § 2201; and

6.  All such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFFS hereby demand a jury trial on all claims for which they have a right to a jury.**

> *s/ Alan H. Garber*
> Alan H. Garber
> Georgia Bar No. 283840
> Marc N. Garber
> Georgia Bar No. 283847
> THE GARBER LAW FIRM, P.C.
> Suite 14, 4994 Lower Roswell Road
> Marietta, GA  30068
> (678) 560-6685
> (678) 560-5067 (facsimile)
>
> **COUNSEL FOR PLAINTIFFS**