IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHERMAN GILES and SHARON HALL, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: 1:13-cv-00962-SCJ |
| v. | ) ) | |
| JAVELIN LEARNING SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) | |

**JOINT MOTION TO APPROVE THE SETTLEMENT OF
PLAINTIFFS' CLAIMS UNDER THE FAIR LABOR STANDARDS ACT**

The parties hereby file this Joint Motion To Approve The Settlement Of Plaintiffs' Claims Under The Fair Labor Standards Act ("FLSA"). Upon review of the proposed settlement for fairness pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), the parties request the Court to enter an order approving the settlement, after which the parties shall file a stipulation of dismissal with prejudice. As discussed below, the proposed settlement is a reasonable compromise of plaintiffs' claims and furthers implementation of the FLSA in defendant's workplace. *See Dees v. Hydrady, Inc.,* No. 8:09-cv-1405-T-23TBM, 2010 WL 1539813, at *5 (M.D. Fla. Apr. 19,

1

2010). A copy of the parties' proposed Settlement Agreement is attached as Exhibit 1.

### *The Settlement is Fair and Reasonable*

On March 25, 2013, plaintiffs Sherman Giles and Sharon Hall filed their Complaint claiming violations of the FLSA covering the period of plaintiffs' employment. Doc. 1. On May 6, 2013, defendant filed its Answer, denying any FLSA violations. Doc. 8. The parties subsequently engaged in discovery. After several weeks of negotiations, the parties recently agreed to settle plaintiffs' FLSA claims.

The parties' settlement represents a compromise of plaintiffs' claims. Defendant's payments total $52,000. This figure is composed of unpaid back overtime plus an equal amount in liquidated damages, in addition to the payment of plaintiffs' attorney's fees and costs. Attached as Exhibit 1 is the parties' settlement agreement that breaks down the payments to each plaintiff. The parties believe that the proposed settlement is reasonable, and should therefore be approved, for several reasons.

Plaintiffs' Complaint claimed past due overtime plus liquidated damages. Plaintiff Giles claimed past due overtime covering a period of approximately 13 months. Based on documents produced by defendant, he originally calculated

2

damages of $13,676.00, and is receiving a settlement of $12,600.00, 92% of his original estimate. Plaintiff Sharon Hall claimed overtime covering a period of approximately 34 months. Based on documents produced by defendant, she originally calculated damages of $18,069.00, and is receiving a settlement of $15,520.00, 86% of her original estimate.

The settlement amount for each plaintiff took into account a wide range of possible outcomes that would be impacted by numerous disputed facts, as well as their hourly rates of pay and periods of employment. Initially, plaintiffs claimed more than these amounts in past due overtime and liquidated damages. However, none of the plaintiffs had contemporaneous documentation supporting their assertion as to the entire number of hours they allegedly worked off-the-clock. And while plaintiffs contended that documents had been produced that corroborated their claims that their time records were modified, defendant disputed that assertion. In addition, defendant had paid the plaintiffs and other employees overtime compensation when their time records reflected hours worked in excess of 40 per week—a fact that undermined both plaintiffs' claims on the merits and plaintiffs' allegation that the defendant acted willfully. In addition, defendant had witnesses who would claim that plaintiffs did not work off-the-clock.

Consequently, plaintiffs' claims boiled down to their own statements against those of the defendant as supported by the defendant's practice of paying overtime and supporting witnesses. This evidentiary conflict—while sufficient to avoid summary judgment—presented a significant risk to the parties on the issue of damages. *See Shelton v. Family Dollar Stores of Indiana, LP*, No. 105-CV-756, 2007 WL 1597650, at *9 n. 9 (S.D. Ind. June 1, 2007) (in denying summary judgment for the defendant, the court observed that "it may be difficult for [the plaintiff] to prove that she worked more than forty hours these weeks" because she had no evidence to corroborate her self-serving testimony). That is, plaintiffs faced the prospect of failing to convince a jury to award any damages, let alone the amount of the proposed settlement. By the same token, defendant's risk was that a jury would credit plaintiffs' testimony in full or part, and award all or a portion of the wages claimed by plaintiffs.

Given these risks and factual circumstances, the parties faced substantial continuing litigation expenses to bring the case to conclusion with no guarantee of success. *See Leverso v. SouthTrust Bank of Ala.*, 18 F.3d 1527, 1531 & n. 6 (11th Cir. 1994) (listing the considerations for approving an FLSA settlement). And the duration of the case would have been extended by many months— which, given the plaintiffs' personal circumstances, would have imposed a

4

hardship. *Id*.

Also, in view of plaintiffs' personal financial situation, they favored the settlement and avoidance of extending the litigation, as did the defendant. *See id*. Counsel's opinions likewise favored the proposed settlement in light of the evidence and testimonial risks. *Id*. Finally, there has been no collusion or fraud. The settlement was reached through arm's length negotiation between the parties' counsel. *Id*.

Finally, all parties have found the settlement to be fair and reasonable. *See id*. After the settlement was reached, the plaintiffs were informed by their counsel as to the settlement terms including the settlement payment to each of them as well as the attorneys' fees and costs associated with the settlement. Each plaintiff was thoroughly advised by plaintiffs' counsel of the range of possible outcomes in this litigation, and the risks associated with going to trial. Each plaintiff accepted the settlement terms and executed an individual Settlement Agreement and General Release.

### ***The Amount of Attorney's Fees is Fair and Reasonable***

Plaintiffs' counsel will receive a payment from the defendant totaling $23,880.00 in attorney's fees and costs. That figure includes out-of-pocket

expenses of $880.00 incurred by plaintiffs' counsel in filing and serving the complaint, making copies and delivering documents, and converting electronic documents produced by defendant into a readable format, plus attorney's fees in the amount of $23,000.  Decl. Alan H. Garber, ¶¶ 4-5, Ex. 1 at 5.

Plaintiffs' counsel expended 69.15 hours in litigating plaintiffs' claims. Decl. Alan H. Garber, ¶ 4, Ex. 1 at 5.  This time included meetings and conferences with the plaintiffs; preparing and filing the complaint; legal research regarding defendants' defenses; preparation of plaintiffs' Initial Disclosures and the parties' Joint Planning Report; preparation of plaintiffs' discovery requests to defendant; review of defendant's discovery responses and preparation of Rule 37 letters; preparation of plaintiffs' discovery responses to defendant; review of defendant's documents and analysis and calculation of plaintiffs' damages; settlement negotiations including review and negotiation of the settlement agreement; preparation of counsel declaration; and preparation of this joint settlement motion.  *Id.,* Ex. 1 at 1-5.

Plaintiffs' counsel's customary hourly rate is $375, which is a reasonable rate in FLSA cases for experienced counsel.[1]  Decl. Alan H. Garber, ¶ 3.  In a

---

[1] Plaintiffs' lead counsel, Alan Garber, has over 18 years' experience litigating FLSA, Title VII, and civil rights cases.  Counsel graduated Rutgers Law School-Newark in 1994, where he was a member of the *Rutgers Law Review*.  After clerking for the Honorable

recent FLSA case filed in the Northern District of Georgia, Judge Story found plaintiffs' counsel's hourly rate of $375 reasonable in approving the parties' settlement agreement and counsel's attorney fees. *See Zimmerman v. SunTrust Bank*, 1:09-CV-2116-RWS (N.D. Ga.), Doc. 26 at 4, 21; Doc. 29 at 6-7. Moreover, plaintiffs' counsel's rate is comparable to other rates approved in this jurisdiction. *See, e.g., Caone v. Aetna Life Ins. Co.*, 1:06-CV-3014-MNS, 2010 WL 6029242, at *8 (N.D. Ga. Dec. 22, 2010) (approving hourly rate of $425 for Atlanta-based attorney who graduated law school in 1994).

A lodestar calculation of plaintiffs' counsel's attorneys fee, based on an hourly rate of $375 multiplied by 69.15 hours worked, totals $25,931.25. Decl. Alan H. Garber, ¶ 4, Ex. 1 at 5.  Were a lodestar calculation used here, a reasonable attorney's fee would be 12.7 percent *greater* than the amount sought

---

Sharon Lovelace Blackburn, U.S. District Court-N.D. Ala., counsel spent several years as an associate at the Birmingham law firm of Gordon Silverman Wiggins & Childs, litigating class-action and collective-action Title VII and overtime cases.  Counsel then relocated to Atlanta, where he has litigated more than 100 collective-action, class-action, and individual claims in the Northern District of Georgia and other federal districts.  Counsel's collective and class actions include:  *Beavers v. American Cast Iron Pipe Co.*, CV-86-N-1982 (N.D. Ala.); *Moore v. Norfolk S. Corp.*, 2:93-CV-00133-UWC (N.D. Ala.); *Daniels v. Fontaine Fifth Wheel*, 2:94-cv-2158-HDB (N.D. Ga.); *Armstrong v. Powell*, No. CIV-03-0255C (W.D. Okla.); *Allen v. SunTrust Bank*, 1:06-cv-3075-RWS (N.D. Ga.); *Coleman v. Buffalo Rock Co.,* 2:07-cv-915-VEH (N.D. Ala.); *Layton v. DHL Express (USA) Inc.*, 2:08-cv-1542-WMA (N.D. Ala.); *Likes v. DHL Express (USA) Inc.,* 2:08-cv-428-HGD (N.D. Ala.); *Riddle v. SunTrust Bank*, 1:08-cv-1411-RWS (N.D. Ga.); *Tate v. DHL Express (USA) Inc.*, 2:08-cv-1935-VEH (N.D. Ala.); *Reece v. United Home Care of North Atlanta*, 1:12-cv-2070-RWS (N.D. Ga.); *Walker v. Vital Recovery Serv., Inc.*, 1:13-cv-534-AT (N.D. Ga.).

by plaintiffs' counsel under the Settlement Agreement.

Accordingly, the proposed attorney's fee for plaintiff's counsel of $23,000 is a fair and reasonable amount under the FLSA.  *See Murphy v. RGIS Inventory Specialists, LLC*, 6:07-cv-89, 2007 WL 2412996, *2 (M.D. Fla. 2007) (approving counsel's attorney fee in amount that was about 250 percent *greater* than the plaintiff's overtime settlement in an FLSA case); *see also Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) (approving settlement providing for $10,600 in attorney's fees and $6,400 in owed wages to plaintiff, and noting that "The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual [FLSA] action.").

### *The Settlement Promotes Implementation Of The FLSA In The Workplace*

Defendant asserts that there is no evidence of any history of FLSA non-compliance by them.  Moreover, although defendant admits no wrongdoing, paying the amounts agreed upon in the Settlement Agreement will certainly ensure future compliance by the defendant with its FLSA obligations.

Under these circumstances, the proposed settlement agreement furthers implementation of the FLSA in the workplace.

### **CONCLUSION**

For the foregoing reasons, the Court should approve the parties' proposed settlement of plaintiffs' FLSA claims.  A proposed order granting the parties' Motion is attached.

## LOCAL RULE 7.1(D) CERTIFICATION

The undersigned hereby certify that this brief has been prepared using Century Schoolbook 13 point font in compliance with LR 5.1(C).

*s/ Alan H. Garber*
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
**THE GARBER LAW FIRM, P.C.**
Suite 14, 4994 Lower Roswell Road
Marietta, GA  30068
(678) 560-6685 (telephone)
(678) 560-5067 (facsimile)
ahgarber@garberlaw.net
mngarber@garberlaw.net

**COUNSEL FOR PLAINTIFFS**

*s/ Erik S. Rodriguez*
Erik S. Rodriguez
Georgia Bar No. 611411
*rodriguezer@gtlaw.com*
Keshia A. McCrary
Georgia Bar No. 751051
*mccraryk@gtlaw.com*
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road, NE

> Suite 2500
> Atlanta, Georgia  30305

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

Dated: March 3, 2014.

> *s/ Alan H. Garber*
> Alan H. Garber